

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. E. McDonald
Commissioner of Agriculture
Austin, Texas

Dear Sir:

Attention:   Charles E. Baughman

Opinion No. O-2283
Re:  Appropriation and use of $5.00
     nursery fee collected from
     out-of-state nurserymen for a
     certificate permitting shipment
     of nursery stock into this
     state under Article 128, Re-
     vised Civil Statutes, 1925.

We are in receipt of your request for an opinion
upon the following question:

"We will thank you to advise this Depart-
ment whether or not all fees accruing through
the administration of Chapter 7, of the 1925
Revised Civil Statutes, are subject to their
use by the Department of Agriculture."

Chapter 7, Title 4, Articles 119-135, Vernon's
Annotated Civil Statutes, is entitled "Nursery Stock". It
is the general nursery inspection law. Its subject matter
is fruit trees, shrubs, and plants. Its provisions govern
the traffic in such commodities, treatment of diseases pecu-
liar to them, their regulation by the Commissioner of Agri-
culture.

Article 128, among other things, provides for a
fee of five dollars ($5.00) from out-of-state nurserymen as
the price of a certificate permitting them to ship nursery
stock into this state. It reads as follows:

"No person, partnership, or corporation
outside the State shall be permitted to ship
nursery stock into this State without having
first filed with the Commissioner of Agricul-
ture a certified copy of his or their certifi-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

378

cate of inspection issued by the proper authorities in the State from which the shipment originates. Such certificate must show that the stock to be shipped has been examined by the proper officers of inspection in such State, and that it is apparently free from all dangerous insect pests or contagious diseases and when fumigation is required by the Commissioner of Agriculture, that the stock has been properly fumigated. Upon receipt of such certificate, the Commissioner shall make such investigation as to moral standing and integrity as will satisfy him that the applicant is entitled to receive such certificate. A fee of five dollars shall be required from the applicant, upon the receipt of which the Commissioner may issue a certificate permitting the applicant to ship such nursery stock into this State.

"Each box, bale or package of nursery stock from outside the State shall bear a tag on which is printed a copy of the certificate of this State, and also a copy of the certificate of the State in which it originates." (Underscoring ours)

Article 133 deals with "inspection fees":

"The Commissioner shall fix and collect reasonable fees for the inspection herein provided for, of not less than two dollars and fifty cents nor more than fifteen dollars for each inspection." (Underscoring ours)

The special rider to the itemized Agricultural Department appropriation in the General Departmental Appropriation Bill, Senate Bill 427, Acts of the 46th Legislature, "appropriates" certain fees and/or balances for the use of the Department of Agriculture for activities "as hereinabove specifically itemized." This rider reads as follows:

". . . all fees and/or unexpended balances which have been received and which may be received by virtue of Chapter 7, Article 153, Revised Civil Statutes, 1925. . . . "

Honorable J. E. McDonald, Page 3

It will be noted that all fees which have been received and which may be received "by virtue of Chapter 7, Article 153, Revised Civil Statutes, 1925" are among those fees appropriated to the use of the Department of Agriculture.

We call attention to the fact that Chapter 7 does not contain an "Article 153". Chapter 7, Title 4, the Nursery Inspection Law, comprises Articles 119-135. Articles 128 and 133 provide for the collection of fees. In the General Departmental Appropriation Bill, agricultural rider, above quoted, there is no inclusion of Article 128 prescribing a five dollar fee for a certificate for out-of-state nurserymen, and Article 133, the general inspection fee statute, is referred to as Article 153.

There is no doubt in our minds that in enacting the special rider above referred to the Legislature intended to appropriate for the use of the Department of Agriculture as outlined in the itemized section of the bill all the nursery inspection fees collected under Chapter 7, including the fees provided for in Article 128 as well as Article 133. Furthermore, we think it is apparent that failure to mention Article 128 was an oversight and reference to 153 - a non-existent statute in Chapter 7 - an error.

In neither instance, however, is the intention of the Legislature circumvented.

In the first place, the Legislature appropriated all fees received or receivable under Chapter 7, the Nursery Inspection Law. It is true that only one fee article of the statute is referred to, but even here a serious error is committed. The effect of the error is to necessitate a construction which will carry out the intention of the Legislature. It was obviously not the plan of the lawmaking body to include fees collected from intrastate nurserymen, and to exclude without mention the inspection fees of out-of-state nurserymen.

The very next reference in the rider is to "chapter 3 of Title 4, Revised Civil Statutes, 1925." This indicates that the Legislature intended that all the fees received or receivable under Chapter 7 were appropriated.

The canons of statutory construction support the position we have taken.

Honorable J. E. McDonald, Page 4

The section of the rider with which we are concerned is erroneous and ambiguous. It is subject to construction. While as a general rule legislative errors, mistakes or omissions cannot be corrected unless by the Legislature itself, still obvious errors or mistakes of a clerical, grammatical or typographical nature may be disregarded.

Millers' Mutual Fire Insurance Co. v. City of Austin, 210 S. W. 825

Cernocli v. Colorado County, 48 S. W. (2d) 470

Frass v. Darrouzett Independent School District, 227 S. W. 751

State v. Gunter, 81 S. W. 1028

"Thus it is settled that the intention of the Legislature controls the language used by it, and in construing a statute the court is not necessarily confined to the literal meaning of the words used, especially in respect of isolated or particular provisions; the intent rather than the strict letter of the act will be regarded." 39 Tex. Jur. 181

The intent of the Legislature was undoubtedly to appropriate all the fees collected under Chapter 7 to the Department of Agriculture. Since there is no Article 153, the reasonable construction is to include all fees received or receivable under fee articles, i.e. Articles 128 and 133, within the rider appropriation.

It is our opinion that the five dollar fees collected from out-of-state nurserymen under Article 128, Revised Civil Statutes, 1925, are "fees . . . which have been received and which may be received by virtue of Chapter 7, Article 153, Revised Civil Statutes, 1925" within the purview of the rider to the agricultural appropriation of Senate Bill 427, the General Departmental Appropriation Bill, and as such are appropriated to the Department of Agriculture to be used for

Honorable J. E. McDonald, Page 5

the purposes and in the manner provided in said rider.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Dick Stout_
Dick Stout
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

DS:GO

APPROVED MAY 18, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS